UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| STEVEN SIDOTI, on behalf of himself and others similarly situated, | : | CASE NO: 1:21-cv-359 |
| | : | |
| Plaintiffs, | : | JUDGE |
| | : | |
| v. | : | |
| | : | |
| RESTAURANT VENTURES, INC., | : | PLAINTIFF'S COMPLAINT |
| | : | |
| and | : | |
| | : | |
| JOSEPH COPELAND | : | |
| | : | |
| Defendants. | : | |

**PRELIMINARY STATEMENT**

1. This is a collective action and class action brought by Plaintiff Steven Sidoti, on behalf of himself and all others similarly situated, to recover overtime compensation from his employers, Defendants Restaurant Ventures, Inc and Joseph Copeland (collectively, "Defendants").

2. For a three-year period prior to the commencement of this action, Defendants have employed numerous employees under a policy of deducting time for breaks, regardless of whether those breaks were actually taken.

3. Defendants continue to employ numerous employees under a policy of deducting time for breaks, regardless of whether those breaks are actually taken.

4. The abovementioned deductions have often resulted in a failure to pay the full statutory overtime to which these workers are entitled.

5. Plaintiff Steven Sidoti brings this action (1) as an opt-in collective action on behalf of

1

himself and all similarly situated individuals for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and (2) on behalf of himself and a class of others pursuant to Ohio Rev. Code § 4111.03.

## PARTIES

**Plaintiffs**

6. Plaintiff Steven Sidoti is a former employee of Defendants. He was employed as an hourly employee in February 2019 and May 2021.

7. Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to the FSLA. Plaintiff and the FLSA Collective were, or are, employed by Defendants as hourly service employees, were or are subject to Defendants' break policies, and work or have worked for Defendants during the applicable statutory period.

8. Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to the FLSA. Plaintiff and the FLSA Collective were, or are, employed by Defendants as hourly service employee and were or are subject to Defendants' policy of not paying all tips earned by employees.

9. Plaintiff also brings this action under Ohio Rev. Code § 4111.03 as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff and the putative Rule 23 Class were, or are, employed by Defendants as hourly service employees and were or are subjected to Defendants' break policies, and work or have worked for Defendants during the applicable statutory period.

10. Plaintiff further brings this action under Ohio Rev. Code §4113.15 as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff and the putative Rule 23 Class were, or are, employed by Defendants as hourly service employees, and were or

are subject to Defendants' policy of not paying all wages owed to them on a semimonthly basis.

**Defendants**

11. Defendant Restaurant Ventures, Inc. is an Ohio corporation for profit with its principal place of business located in this judicial district.

12. Defendant Joseph Copeland is the owner and manager of Defendant Restaurant Ventures, Inc., and is responsible for the pay practices alleged herein. Upon information and belief Defendant Copeland is a resident of this judicial district.

13. Defendants subjected Plaintiffs and the other similarly situated employees to the same payroll policies and procedures as outlined in the factual allegations below.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over Plaintiffs' Complaint because they are asserting claims under the Fair Labor Standards Act, 29 U.S.C. §203, *et seq.*

15. This Court has supplemental jurisdiction to hear Plaintiffs' state law claims because they arose out of the same transaction or occurrence as, and share the same nucleus of operative fact with, Plaintiffs' federal claims.

16. Venue in this Court is proper, as the Defendants are residents of this judicial district and a substantial amount of the events giving rise to the claims occurred herein.

## FACTUAL ALLEGATIONS

17. Defendants are "Employers" within the meaning of the FLSA.

18. At all times relevant herein, Defendant Copeland was acting in his capacity as CEO of Defendant Restaurant Ventures, Inc.

19. Plaintiff and the putative collective/class members are individuals who were or are

employed by Defendants, and who were subject to Defendants' policies and/or practices of automatically deducting break times regardless of whether those breaks were actually taken.

20. Plaintiff is routinely scheduled to work 42 to 45 hours per week, and was paid at a rate of $15 per hour.

21. Upon information and belief, Defendants' pay records do not accurately reflect the true hours worked by their employees, including Plaintiff.

22. For an as yet unknown period of time, Plaintiffs and the putative collective/class members were not paid the complete overtime premium for hours worked in excess of 40 per week.

23. Defendants operate two sandwich shops in the Greater Cincinnati Area.

24. Defendant Copeland represents himself as the C.E.O. of Defendant Restaurant Ventures, Inc., and he is responsible for and controls the company's payroll practices, policies, and procedures alleged herein.

25. For an as yet unknown period of time, Defendants have maintained a policy of automatically deducting break times from employees at the following rates: For a shift between four and six hours, 15 minutes is automatically deducted; for a shift greater than six hours, but less than eight hours, 20 minutes is deducted for breaks; and for a shift between eight and ten hours, a 30 minute deduction is made.

26. Upon information and belief, it is typical for employees to work their entire shift without taking any of the abovementioned breaks.

27. Plaintiff did not take any of the aforementioned breaks during his employment with Defendants. If he ate lunch, it was always behind the counter, as customers were always coming in and out.

28. Upon information and belief, the appropriate overtime premium is still not being paid to employees who work in excess of 40 hours per workweek.

29. Defendants suffered and permitted Plaintiff and the putative class to work more than 40 hours in a week without paying them the full overtime premium.

30. Upon information and belief, Defendants have been taking tips left by customers via credit card for employees and using them for their own personal benefit and use.

31. Defendants were aware, or should have been aware, that Plaintiff and the putative collective/class members were entitled to payment at time and a half their regular rates of pay for all overtime hours worked.

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff incorporates by reference the preceding paragraphs as if fully alleged herein.

33. Plaintiff files this action on behalf of himself and all other similarly situated individuals for the recovery of unpaid overtime. The proposed FLSA collective is defined as follows:

> All non-exempt employees of Defendants who worked in excess of 40 hours in any workweek within the last three years, and who were not paid one and a half times their regular rate of pay for the hours worked in excess of 40 in any such workweek ("FLSA Collective I").

34. Plaintiff further files this action on behalf of himself and all other similarly situated individuals for the recovery of unpaid tips. The proposed FLSA collective is defined as follows:

> All persons who worked, within the last three years, as tipped employees of Defendants, and who were not paid the full amount of the tips they were entitled to. ("FLSA Collective II").

35. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" Plaintiffs.

36. During the applicable statutory period, Plaintiff and the putative FLSA Collective members

often worked in excess of 40 hours in a workweek without receiving the full overtime compensation for their overtime hours worked.

37. During the applicable statutory period, Plaintiffs and the putative FLSA Collective members regularly received tips, but did not receive the full amount of the tips they were entitled to.

38. Defendants willfully engaged in a pattern of violating the FLSA as described in this Complaint by failing to pay their employees the full overtime compensation when they were fully aware these employees were working overtime hours. Defendants' conduct constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

39. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective. Accordingly, notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendants who have suffered from Defendants' practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## OHIO CLASS ALLEGATIONS

40. Plaintiff (the "Ohio Class Representative") incorporates by reference the preceding paragraphs as if fully alleged herein.

41. The Ohio Class Representative brings this action under Ohio Rev. Code §4111.03 as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

> All persons who worked as hourly and non-exempt employees for Defendants in Ohio at any time in the last two years prior to the filing of this Complaint, who

    worked in excess of 40 hours in any workweek, and who were not paid one and a half times their regular rate of pay for all of the hours worked in excess of 40 in any such workweek ("Ohio Class I").

42. The Ohio Class Representative brings this action under Ohio Rev. Code §4113.15 as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

    All persons who worked as employees for Defendants in Ohio at any time in the last two years prior to the filing of this Complaint and who were not paid all wages earned by them ("Ohio Class II").

43. Numerosity: Upon information and belief, the proposed Ohio Classes are so numerous that joinder of all members is impracticable. The Ohio Class Representative is informed and believes, and on that basis allege, that during the applicable statutory period, Defendants employed over 20 people who satisfy the definition of the proposed Ohio Classes.

44. Typicality: The Ohio Class Representative's claims are typical of the members of the Ohio Classes. The Ohio Class worked unpaid overtime hours similar to the Ohio Class Representative, and both the Ohio Class Representative and the Ohio Classes were subject to Defendants' policies and practices of failing to pay appropriate overtime compensation and further failing to promptly pay all wages owed to them.

45. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against the defendants.

46. Adequacy: The Ohio Class Representative will fairly and adequately protect the interests of the Ohio Classes and has retained counsel experienced in wage and hour class and collective action litigation.

47. Commonality: Common questions of law and fact exist to all members of the Ohio Classes and predominate over any questions solely affecting individual members of the Classes, including but not limited to:

    a. Whether Defendants unlawfully failed to pay appropriate overtime compensation to the Ohio Class Representative and the members of the Ohio Class I in violation Ohio wage and hour laws;

    b. Whether Defendants unlawfully failed to pay all wages owed to the Ohio Class Representative and the members of the Ohio Class II in violation of Ohio Rev. Code §4113.15;

    c. Whether Defendants' actions were willful; and

    d. The proper measure of damages sustained by the Ohio Class Representative and the Ohio Classes.

48. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by individual members of the Ohio Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants.

49. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Ohio Classes predominate over any questions only affecting individual members of the classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the members of the Ohio Classes the pay to which they are entitled. The damages suffered by the individual members of the Ohio Classes are small compared to the expense and burden of individual prosecution of this litigation. In

addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

50. Plaintiff intends to send notice to all members of the Ohio Classes to the extent required by Rule 23. The names and addresses of the members of the Ohio Classes are available from Defendants.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT

### FAILURE TO PAY OVERTIME

**(On behalf of Plaintiff and the FLSA Collective I)**

51. Plaintiff and the FLSA Collective I restate and incorporate by reference the above paragraphs as if fully set forth herein.

52. The FLSA, 29 U.S.C. §207, requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over 40 hours per workweek.

53. Defendants often suffered and permitted Plaintiffs and the FLSA Collective I to work more than 40 hours in a workweek without paying the full overtime compensation owed to said employees.

54. Defendants violated the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective I at the required overtime rate.

55. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and the FLSA Collective I have suffered a loss of income.

56. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a). Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of the law.

**COUNT II – VIOLATION OF THE FAIR LABOR STANDARDS ACT**

**FAILURE TO PAY TIPS**

**(On behalf of Plaintiff and the FLSA Collective II)**

57. Plaintiff and the FLSA Collective II restate and incorporate by reference the above paragraphs as if fully set forth herein.

58. The FLSA, 29 U.S.C. §203(m)(2)(B), prohibits employers from keeping tips received by tipped employees for any purposes, including allowing managers or supervisors to keep any portion of said tips.

59. Defendants violated 29 U.S.C. §203(m)(2)(B) by regularly and repeatedly keeping tips for their managers and themselves.

60. 29 U.S.C. § 216(b) makes employers who violate §203(m)(2)(B) liable in the amount of the unpaid tips, an equal amount of liquidated damages, costs, and attorneys' fees.

61. As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the FLSA Collective II have suffered a loss of income.

62. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a). Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of the law.

**COUNT III – VIOLATION OF OHIO REV. CODE §4111.01, *ET SEQ*.**

**UNPAID OVERTIME COMPENSATION**

**(On behalf of the Ohio Class Representative and the Ohio Class I)**

63. The Ohio Class Representative and the Ohio Class I restate and incorporate by reference the above paragraphs as if fully set forth herein.

64. Ohio Rev. Code §4111.03 requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over 40 in a workweek.

65. Ohio Rev. Code §4111.10 makes employers who violate Ohio Rev. Code §4111.03 liable to the affected employees in the amount of unpaid wages, costs, and attorneys' fees.

66. Defendants violated Ohio Rev. Code §4111.03 by regularly and repeatedly failing to compensate the Ohio Class Representative and the Ohio Class I at the required overtime rate.

67. As the direct and proximate result of Defendants' unlawful conduct, the Ohio Class Representative and the Ohio Class I have suffered a loss of income.

**COUNT IV – VIOLATION OF OHIO REV. CODE §4113.15, *ET SEQ*.**

**FAILURE TO PAY COMPLETE WAGES ON A SEMI-MONTHLY BASIS**

**(On behalf of the Ohio Class Representative and the Ohio Class II)**

68. The Ohio Class Representative and the Ohio Class restate and incorporate by reference the above paragraphs as if fully set forth herein.

69. Ohio Rev. Code §4113.15 requires employers to pay employees all of their wages earned by them on a semi-monthly basis.

70. Ohio Rev. Code §4113.15 makes employers who violate the same liable to the affected employees in the amount of unpaid wages and an additional amount of the greater of $200 or 6%.

71. Defendants violated Ohio Rev. Code §4113.15 by regularly and repeatedly failing to compensate the Ohio Class Representative and the Ohio Class II in full on a semi-monthly basis.

72. As the direct and proximate result of Defendants' unlawful conduct, the Ohio Class Representative and the Ohio Class II have suffered a loss of income.

## PRAYERS FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of himself and those similarly situated, hereby demands judgment against Defendants as follows:

1. Designation of this action as a collective action on behalf of Plaintiff and the FLSA collective, and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

2. Certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

3. Judgment that Plaintiff and those similarly situated are non-exempt employees entitled to protection under the FLSA and Ohio state law;

4. Judgment against Defendants for violation of the relevant provisions of the FLSA and Ohio state law;

5. Judgment against Defendants for violation of Ohio Rev. Code § 4113.15;

6. Judgment that Defendants violations of the FLSA were willful;

7. An award to Plaintiff and those similarly situated for the amount of unpaid wages owed, and liquidated damages under federal and state law;

8. An award of pre- and post-judgment interest, as well as the interest required by Ohio Rev. Code §4113.15;

9. An award of reasonable attorneys' fees and costs;

10. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

11. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

                             */s/ Stephen E. Imm*
                             _____
                             Stephen E. Imm (0040068)
                             Matthew S. Okiishi (0096706)
                             Finney Law Firm, LLC
                             4270 Ivy Pointe Blvd., Suite 225
                             Cincinnati, Ohio 45245
                             (513) 943-5678
                             (513) 943-6669-fax
                             stephen@finneylawfirm.com
                             matt@finneylawfirm.com
                             *Attorneys for Plaintiff*