**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **STEVEN SIDOTI,** | : | Case No. 1:21-cv-359 |
| | : | |
| **Plaintiff,** | : | Judge McFarland |
| | : | Magistrate Judge Litkovitz |
| v. | : | |
| | : | |
| **RESTAURANT VENTURES, INC.,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND ATTORNEYS' FEES**

Plaintiff Steven Sidoti, Opt-In Plaintiff Neal Whiles ("Plaintiffs") and Defendants Restaurant Ventures, Inc. and Joseph Copeland ("Defendants") jointly move for the Court's approval of a settlement reached by the parties. The Settlement Agreement and Release of Claims is being submitted to the Court as Exhibit A with this Motion. A proposed order approving the settlement is attached as Exhibit B. A Memorandum in Support of this Motion follows.

**MEMORANDUM IN SUPPORT**

I. Introduction

The parties have entered into a settlement agreement to avoid the burden, expense, and uncertainty of continued litigation. The parties dispute, for example, the extent of withheld tips and the amount and extent of the unpaid break time. This agreement avoids the attorney and professional time necessary to resolve the factual disputes regarding same. Further, Plaintiffs have considered the risk of continued litigation and the possibility that, if not settled now, the lawsuit may result in no recovery or a less favorable recovery in the future. After arm's length negotiations

considering all relevant factors, the parties have reached a settlement of Plaintiffs' remaining claim.

II. Terms of the Settlement

Plaintiffs and Defendants believe the settlement reached in this case is fair and reasonable. Plaintiff brought claims against Defendants for violations of the Fair Labor Standards Act (FLSA) 29 U.S.C. §201, et seq. One individual, Neal Whiles, opted-in to the lawsuit. The maximum recovery possible under the FLSA for lost tips and wages is the amount of lost wages, an equal amount in liquidated damages, attorneys' fees, and costs. Defendants have agreed to pay Plaintiffs the amount of Thirty Thousand Dollars and Zero Cents ($30,000.00). Specifically, the agreement between the parties calls for Twelve Thousand Dollars and Zero Cents ($12,000.00) as payment to Plaintiffs as wages and liquidated damages, with Eighteen Thousand Dollars and Zero Cents ($18,000.00) as attorneys' fees and costs. Plaintiffs' amounts are to be divided as Five Thousand Dollars ($5,000) to Plaintiff Sidoti, and Seven Thousand Dollars ($7,000.00) to Opt-in Plaintiff Whiles.

III. Argument

    a. Standards for Approval of a Settlement

An employee may settle his dispute under the FLSA if he enters into a settlement with the employer and the District Court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350 (11th Cir. 1982). Here, Plaintiffs will receive amounts at or exceeding their lost wages based on the good faith calculations of the Parties.

    b. Standards for Approval of Attorney Fees.

Defendants have agreed to pay the Plaintiffs' attorneys' fees and costs in the amount of Eighteen Thousand Dollars and Zero Cents ($18,000.00). Pursuant to §216(b) of the FLSA, "the court… shall in addition to any judgment awarded to the… plaintiff, allow a reasonable attorney's fee to be paid by the defendant…" 29 U.S.C. § 216(b). The determination of a reasonable fee is reached through an evaluation of factors and examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees." *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F. 2d 495, 501 (6th Cir. 1984).

The purpose of the FSLA attorney fee provision is to "ensure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Fegley v. Higgins*, 19 F. 3d 1126, 1134 (6th Cir. 19994). "Courts should not place an undue emphasis on the amount of plaintiff's recovery because an award of attorney fees [in an FLSA case] encourages the vindication of congressionally identified policies and rights." *Id.* at 1135.

The most useful starting point for determining the amount of a reasonable fee is the "lodestar method," multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Hensley v. Exkerhart*, 461 U.S. 424, 433-4 (1983). From there, the court assesses (1) the value of the benefit rendered to the plaintiff through the results achieved; (2) the value of the services on an hourly basis; (3) whether the services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides. See e.g. *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F. 3d 513, 516(6th Cir. 1993).

The Lodestar

As shown in the attached Declaration of Counsel, attached as Exhibit C, attorneys Matthew Okiishi, Rebecca Simpson, and Stephen Imm, assisted by their paralegal Brandy Fitch, have expended the following hours in connection with this case (not including time effectuating and administering settlement):

| Timekeeper | Total Time (hours) | Rate | Total Costs |
| --- | --- | --- | --- |
| Stephen Imm | 12.9 | $500/hr. | $6,450.00 |
| Matthew Okiishi | 20.1 | $350/hr. | $7,035.00 |
| Rebecca Simpson | 9.5 | $400//hr. | $3,800.00 |
| Brandy Fitch | 1.6 | $155/hr. | $248.00 |
| Costs | - | - | $411.95 |

Based on the above, the lodestar of Plaintiffs' counsel is about equal to the attorney fee amount provided for in the settlement. Unaccounted is the time Plaintiffs' counsel spent drafting the settlement agreement and this Joint Motion. It represents a compromise of legal fees and costs, which supports the approval of the attorney fees provision in the settlement.

The *Rawlings* factors provide further support for the reasonableness of Plaintiffs' request for attorneys' fees and costs. First, in terms of the value of benefit rendered to the Plaintiffs, this case will result in them receiving all wages they allege are owed. Second, this case was litigated on a contingency basis. Plaintiffs' counsel advanced costs to file this case and, to date, Plaintiffs' counsel have received no compensation in this matter. Given the risks of establishing liability and damages and the possibility of non-payment that could result should the case proceed without a compromise, award of the requested fee is an appropriate term of the settlement agreement. Third, society has a stake in rewarding the efforts of attorneys who bring wage & hour cases, as these are frequently complex matters with limited damages. Resolution of this case was made possible after

Plaintiffs addressed difficult and time-consuming legal issues, including preparation of the complaint, review of records, pursuit of discovery and settlement negotiations. Finally, the qualifications of Plaintiffs' counsel are presented in the Declaration, Exhibit C, ¶6. Defense counsel is also a highly experienced and competent attorney who practices in this area.

For these reasons, the parties submit that the payments to Plaintiffs are fair and reasonable and that the requested compensation of counsel's attorneys' fees and costs are reasonable. The attorneys' fees sought are nearly equal to the lodestar as shown above. Therefore, the parties respectfully request that this settlement, including the provision for payment of attorneys' fees and costs included therein, be approved by the Court.

Respectfully submitted,

| | |
|---|---|
| */s/ Stephen E. Imm* | */s/ Michael B. Mattingly, per auth.* |
| Stephen E. Imm (0040068) | Michael B. Mattingly (0089847) |
| Matthew S. Okiishi (0096706) | Dinsmore & Shohl LLP |
| FINNEY LAW FIRM, LLC | 255 East Fifth St., Suite 1900 |
| 4270 Ivy Pointe Blvd., Suite 225 | Cincinnati, Ohio 45202 |
| Cincinnati, Ohio 45245 | (513) 977-8397 |
| (513) 943-6659 | (513) 977-8141 (fax) |
| (513) 943-6669 (fax) | Michael.mattingly@dinsmore.com |
| stephen@finneylawfirm.com | *Attorney for Defendants* |
| matt@finneylawfirm.com | |
| *Attorneys for Plaintiff* | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing has been electronically filed on the 14th day of September 2022, and electronically served upon all counsel of record on the same date through the CM/ECF of the USDC for the Southern District of Ohio.

*/s/ Stephen E. Imm*
_____
Stephen E. Imm (0040068)