**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| STEVEN SIDOTI, | ) |
| PLAINTIFF, | ) CASE NO. 1:21-CV-359 |
| | ) |
| v. | ) Judge McFarland |
| | ) |
| RESTAURANT VENTURES, INC , ET AL., | ) **ORDER GRANTING APPROVAL OF** |
| | ) **FLSA SETTLEMENT** |
| DEFENDANTS. | ) |
| | ) |

This matter is before the Court on the Parties' Joint Motion to Approve Settlement (the "Joint Motion") pursuant to Section 16(b) of the Fair Labor Standards Act (the, "FLSA"), 29 U.S.C. § 216(b). The Joint Motion asks the Court to approve, as fair and reasonable, the proposed FLSA collective settlement reached by Plaintiff Steven Sidoti and Defendants Restaurant Ventures, Inc. and Joseph Copeland (collectively, the "Parties") and memorialized in the Settlement Agreement and Release ("Settlement" or "Agreement") attached to the Joint Motion as Exhibit A.

Having reviewed the Joint Motion, the Agreement and its Exhibits, the Declaration of Stephen E. Imm, Esq., and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this stipulated Order approving the Agreement, and the proposed Attorneys' Fees and Costs to Plaintiffs' Counsel, as follows:

1. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arm's length negotiations between experienced counsel after substantial investigation. Plaintiffs' Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Plaintiff and the Opt-In Plaintiff. The Court has considered all relevant factors, including: (1) the risk of fraud or collusion;

(2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992); *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983)); *Crawford v. Lexington-Fayette Urban County Gov't*, No. 06-299-JBC, 2008 U.S. Dist. LEXIS 90070, at *13 (E.D. Ky. Oct. 23, 2008).

2. The Court approves the Agreement and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein.

3. The Court finds that the proposed allocation and calculation of the settlement payments are fair and reasonable and approves the proposed distribution of the Settlement Payments, and Attorneys' Fees and Costs.

4. The Court grants final approval of the Settlement.

5. The Court dismisses this matter with prejudice and enters final judgment. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Order Granting Approval of FLSA Settlement immediately.

6. The Court retains jurisdiction over this Action to enforce the terms of the Settlement.

**SO ORDERED:**

Date: 9/26/2022

Honorable Matthew W. McFarland
United States District Judge